UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE I. CO, et al.,

    Plaintiffs,

    v.

JP MORGAN CHASE BANK, et al.,

    Defendants.
_____/

No. 12-6560 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendant JP Morgan Chase Bank's motion to dismiss came on for hearing before this court on April 24, 2013. Plaintiffs Christine I. Co and Samson Co ("plaintiffs") appeared through their counsel, Mark Anderson. Defendant JP Morgan Chase Bank, N.A. ("Chase" or "defendant") appeared through its counsel, Jessica Luhrs. Having read the papers filed in conjunction with the motion and carefully considered the arguments and relevant legal authority, and good cause appearing, the court hereby GRANTS Chase's motion to dismiss as follows.

    This case arises under the Fair Credit Reporting Act ("FCRA") and California's equivalent, the California Consumer Credit Reporting Agencies Act ("CCRA"), which require a furnisher (such as Chase) to investigate any disputed credit information that has been reported to credit reporting agencies, and if the disputed information is indeed incomplete or inaccurate, to report those results to the relevant credit reporting agencies. Plaintiffs allege in their complaint that their credit report[1] inaccurately characterized the short sale of their home as a foreclosure. Plaintiffs admit that they fell behind on their loan payments, that a notice of default was recorded, and that foreclosure proceedings were

---

[1] The court notes that plaintiffs' credit report was not attached to plaintiffs' complaint, and in fact, was improperly attached to Chase's motion without a supporting declaration. However, because plaintiffs did not object to the authenticity or accuracy of the attached report, and because plaintiffs' complaint relies on the report as the basis for their claims, the court shall consider the report as part of the record. See, e.g., No. 84 Employer–Teamster Joint Counsel Pension Trust Fund v. America West Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

initiated. However, because plaintiffs sold their home via short sale before any actual foreclosure took place, plaintiffs allege that the statement on their credit report that "foreclosure proceedings started as of Aug 2009" is false and/or misleading because "no foreclosure ever took place." Plaintiffs further allege that they have suffered damages in the form of lost credit opportunities, harm to their credit reputation and credit score, and emotional distress.

At the hearing, plaintiffs clarified their position, and now concede that nothing in the credit report is literally false. Specifically, the statement that "foreclosure proceedings started as of Aug 2009" is true, as is the "FS" notation for the month of August 2009, indicating "foreclosure proceedings started." However, plaintiffs argue that the omission of the term "short sale" from the report makes it misleading under the FCRA and the CCRA. Chase counters by arguing that the report does make clear that plaintiffs' account was "legally paid in full for less than full balance," which is substantively the same as saying that the property was sold via short sale. Plaintiffs disagree, and argue that the specific term "short sale" needed to be used in order to make the report not misleading.

Plaintiffs largely rely on two cases in making their argument that, even if technically accurate, a credit report can be so incomplete as to be misleading. See Yourke v. Experian Information Solutions, Inc., 2007 WL 1795705 (N.D. Cal. June 20, 2007); Venugopal v. Digital Federal Credit Union, 2013 WL 1283436 (N.D. Cal. Mar. 27, 2013). In Yourke, the plaintiff had been the subject of five tax liens filed by the state and federal government. After an investigation, it turned out that the plaintiff had actually paid all taxes due, and should not have been the subject of any liens. Although all five liens were released, Experian initially recorded only two of them as being released. Eventually, Experian did list all five liens as being released, but listed them with the high amounts for which they were originally listed, rather than showing that the liens were released for little or no money. 2007 WL 1795705 at *5. The court found that even the second report could be seen as misleading, even though it was literally true, and denied Experian's motion for summary judgment. Id.

2

In <u>Venugopal</u>, the plaintiff had certain debts discharged through bankruptcy, but those debts were still included on his credit report. The defendant in that case argued that the information was "accurate at the time it was reported," but the court rejected that argument, finding that the report "suggests that plaintiff's credit account was still collectable," and thus could have been misleading enough to alter the understanding of the debt. 2013 WL 1283436 at *3.

The court agrees with the general proposition that an incomplete credit report may be misleading, even if it is technically accurate. However, the court does not find that proposition to be applicable here. The key omission in both <u>Yourke</u> and <u>Venugopal</u> was a failure to report the resolution of a debt obligation. In <u>Yourke</u>, the report was accurate in stating that the liens had been released, but the failure to report that they were released for little or no money made the report misleading, because "[a] creditor who saw a tax lien filed for a large amount and released could reasonably believe that Yourke had in fact failed to pay that amount in taxes." 2007 WL 1795705 at *5. In <u>Venugopal</u>, the defendant "failed to report to Experian that plaintiff's debt had been discharged through bankruptcy," making the report "inaccurate because it suggests that [plaintiff's credit] account was still collectable." 2013 WL 1283436 at *3.

In this case, Chase did report exactly how plaintiffs' debt obligation was resolved, as the report specifically states that plaintiffs' account was "legally paid in full for less than full balance." Dkt. 14-1 at 3. In substance, that is the same as reporting that the property was sold via short sale. As opposed to <u>Yourke</u> and <u>Venugopal</u>, where the reports did not state how plaintiffs' obligation was discharged, the report here states exactly how it was discharged. Plaintiffs' complaint is directed only to the exact wording used to describe how the debt was discharged. However, plaintiffs have provided no authority that the inclusion of language describing a short sale, as opposed to the exact term "short sale," is misleading, or that it constitutes a FCRA or CCRA violation. At the hearing, plaintiffs directed the court to certain guidelines of the Consumer Data Industry Association, but plaintiffs concede that these guidelines are not binding on Chase, and that non-compliance

3

with the guidelines does not constitute a violation of FCRA or CCRA.  Accordingly, the court finds that plaintiffs have not identified any false or misleading statements in their credit report, and thus GRANTS Chase's motion to dismiss for failure to state a claim. Given that the express language of the credit report is accurate and is not misleading, the court finds that no amendment can cure the deficiencies of the complaint by stating a valid violation of either the FCRA or the CCRA by Chase.  Thus, the dismissal of plaintiff's second and third causes of action shall be with prejudice.  As Experian did not join in this motion to dismiss, the first cause of action against it remains.

**IT IS SO ORDERED.**

Dated: April 26, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge